The opinion of the Court was delivered by
Harper, J.
We are of opinion that the motion must be granted, and the demurrer overruled. It is said by Sergeant Hawkins, Ch., 69, § 8, “Also it seemeth that any false oath is punishable as perjury, which tends to mislead the Court in any of their proceedings relating to a matter judicially before them, though it no way affect the principal judgment which is to be given in the cause.” It is necessary that the falsehood alleged, should be material to an enquiry in the course of a judicial proceeding, though not relating strictly to the principal issue. Certainly the inquiry into the extent of the defendant’s guilt, as indicated by the circumstances of mitigation or aggravation, was properly an inquiry' in the course of a judicial proceeding. It is not necessary, in deciding the present question, to impugn the decision in the case of Smith Qameron ads. The State, 2 Bay. 62. Supposing that the testimony would, if objected to, have been rejected as .irrelevant,-yet by waiving the objection, the parties consent to make not only the question of guilty or not guilty, but also of the. extent and character of the guilt. If, after a verdict of guilty, the witness had been sworn ore tenus to testify to the circumstances, for the'information of the Court in passing sentence, there could be no doubt but that *459 perjury would be assignable upon a false oatb on sucb an inquiry. I do not perceive bow it can make a difference that the same inquiry is instituted on the principal trial. It is to no purpose' to say that the witness is only sworn to testify the truth on 'the issue. In a civil action for trespass, and not guilty pleaded, the issue is in strictness' only guilty or not guilty; yet the jury inquire into the amount of damages, and unquestionably perjury is assignable on a false oath upon such an inquiry. Upon an indictment, the Court instead of the jury inquires into the extent of the penalty incurred. The witness in such case, cannot be unaware of the materiality of the inquiry, and it would be giving encouragement to «perjury, that its penalties could be evaded by such a pretext. I am authorized by my brethren, who have been ’more conversant with the practice than myself (and so far as my own observation has gone, it agrees with theirs) to say that it has been a long established and general.practice to .inquire into the circumstances of mitigation or. aggravation, on the principal trial. If there be no objection at least, the inquiry is properly so made. Certainly there are some advantages in this practice. The circumstances of aggravation, or extenuation, are often the most material part of the case, and these can be much better understood by the viva voce examination, and cross-examination of witnesses, than by affidavits.
The motion is granted.
JOHNSON and O’Neall, JJ., concurred.

Motion granted.